UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE OLIVAS, | ) | |
| | ) | CIVIL ACTION NO. |
| Petitioner, | ) | |
| | ) | 3:10-CV-0544-G |
| VS. | ) | |
| | ) | CRIMINAL ACTION NO. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | 3:07-CR-014-G |
| Respondent. | ) | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING A CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. An objection was filed by petitioner on September 14, 2010. The district court reviewed *de novo* those portions of the proposed findings, conclusions and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the court **ACCEPTS** the findings, conclusions, and recommendation of the United States Magistrate Judge.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **DENIES** a certificate of appealability. The court adopts and incorporates by reference the magistrate judge's findings, conclusions, and recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[*]

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under
(continued...)

The court notes that the petitioner objects to the magistrate judge's failure to consider his Fourth Amendment claim.  Reviewing the petitioner's claim *de novo*, the court finds his Fourth Amendment claim to be without merit.  The Fifth Circuit has made clear that "[t]he automobile exception to the Fourth Amendment's warrant requirement permits authorities to search a vehicle when they have probable cause to believe it contains contraband." *United States v. Steele*, 353 F. App'x 908, 909 (5th Cir. 2009), *cert. denied*, __ U.S. __, 130 S.Ct. 3340 (2010).  Contrary to the petitioner's assertion, the Supreme Court's decision in *Arizona v. Gant*, ___ U.S. ___, 129 S.Ct. 1710 (2009), "did not modify the standards regarding searches pursuant to the automobile exception." *Steele*, 353 F. App'x at 910-11 (citing *Gant*, 129 S.Ct. at 1721).  The court finds that the confidential informant's detailed description of the make and model of the petitioner's vehicle, the specific area where the petitioner would be traveling, and the type of contraband that would be found in the petitioner's vehicle, provided sufficient probable cause for the search.  See *e.g.*, *id.* at 910.  Accordingly, to the extent the petitioner relies on the Fourth Amendment as a basis for post-conviction relief -- including his Sixth Amendment claim for ineffective assistance of counsel based on his counsel not filing a motion to suppress the evidence seized from the trunk of his vehicle -- the court concludes that the petitioner's motion

---

*(...continued)
these rules.  A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255 should be denied.

In the event the petitioner will file a notice of appeal, the court notes that

( )     the petitioner will proceed *in forma pauperis* on appeal.

(**X**)     the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

September 16, 2010.

                                  */s/ A. Joe Fish*
                                  **A. JOE FISH**
                                  **Senior United States District Judge**